IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CANDACE E. ALSTON<br><br>   Plaintiff,<br><br>vs.<br><br>VIRGINIA HERITAGE BANK<br><br>   Defendant. | Civil Acton No._____ |

## NOTICE OF REMOVAL

Virginia Heritage Bank ("Defendant"), by its undersigned counsel, Ballard Spahr LLP, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, Defendant states as follows:

### Background

1. On or about February 3, 2014, Plaintiff Candace E. Alston ("Plaintiff") filed a "Class Action" Complaint in the Circuit Court for Prince George's County, Maryland ("Complaint"). A true and accurate copy of the Complaint is attached as **Exhibit A**.

2. Plaintiff's Complaint alleges that: (i) Defendant violated the Fair Credit Report Act ("FCRA"), 15 U.S.C. 1681, *et. seq.* by failing to provide Plaintiff with certain notifications, disclosures and information required under the FCRA; and (ii) Defendant violated Md. Commercial Law Code Ann., § 14-1200, *et. seq.* by failing to give Plaintiff those same notifications, disclosures and information.

3. As of the date of this Notice of Removal, Plaintiff has not served Defendant with process. Plaintiff filed the Complaint on February 3, 2014, and the Court issued a summons as to

Defendant on February 10, 2014. Although not yet served with process, Defendant received notice of the Complaint on or about February 7, 2014.

### Federal Question Jurisdiction

4. This Court has original jurisdiction under 28 U.S.C. § 1331 as Plaintiff alleges violations of a claim or right arising under the laws of the United States.

5. Specifically, Count I of Plaintiff's Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

6. Therefore, this action is subject to removal pursuant to 28 U.S.C. § § 1331 and 1441 at the request of Defendant because Plaintiff's claims arise under the laws of the United States.

7. Count II of Plaintiff's Complaint asserts a claim for violation of the Maryland Commercial Law Code Ann., § 14-1200. This Court has supplemental jurisdiction over this state law cause of action pursuant to 28 U.S.C. § 1367.

### Venue

8. Under 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal because this suit is pending in the Circuit Court for Prince George's County, Maryland, which lies within the District Court for the District of Maryland's region.

### Procedural Compliance

9. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" This Notice of Removal is being filed with the United States District Court for the District of Maryland within thirty (30) days after Defendant first received notice of the filing of the Complaint.

10. Defendant attaches to this Notice of Removal as **Exhibit A**, and incorporates by reference, a copy of Plaintiff's Complaint. The Complaint is the only "process, pleadings or orders" obtained by Defendant in this action. 28 U.S.C. § 1446(a). A copy of the Complaint is also filed herewith in a PDF image file.

11. The docket in the Circuit Court for Prince George's County, Maryland and the Complaint confirm that there are no other defendants named in the Complaint.

12. Defendant is serving contemporaneously with this filing a copy of this Notice of Removal upon Plaintiff. Defendant will also file with the Clerk for the Circuit Court for Prince George's County, Maryland a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

13. By filing a Notice of Removal in this matter, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue. No admission of fact, law, or liability is intended by this Notice, and Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

14. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and this action is properly removed to this Court.

WHEREFORE, Defendant hereby gives notice that the above-captioned action, currently pending in the Circuit Court for Prince George's County, Maryland, is hereby removed to this Court.

March 6, 2014

Respectfully submitted,

/s/ John D. Sadler

John D. Sadler
Jessica Hepburn Sadler
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, Maryland  20814-3401
Telephone:  (301) 664-6217
Facsimile:  (301) 664-6299
SadlerJ@ballardspahr.com

*Attorneys for Defendant Virginia Heritage Bank*

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of March, 2014, I caused a true and correct copy of the foregoing Notice of Removal to be delivered via first-class mail, postage prepaid, upon the following:

Candace E. Alston
10012 Cedar Hollow Lane
Largo, Maryland 20774

_____
John D. Sadler