IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

**Candace E. Alston**  )
10012 Cedar Hollow Lane  )
Largo, MD 20774  )
 )
    Plaintiff,  )
 )
v.  )   CIVIL ACTION NO. CAL14-02376
 )   JURY TRIAL DEMANDED
**Virginia Heritage Bank**  )
Serve: The Corporation Trust Incorporated  )
351 West Camden Street  )
Baltimore, MD 21201  )
 )
    Defendant.  )
 )

## CLASS ACTION COMPLAINT

The Plaintiff Candace E. Alston, individually and on behalf of all those similarly situated, states the following claims for relief against the Defendant Virginia Heritage Bank ("VHB"):

### PRELIMINARY STATEMENT

1. Candace E. Alston brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Md. Code Ann., Com Law §14-1701.02 *et seq.* for statutory damages, punitive damages, attorney's fees and costs related to this action.

### PARTIES

2. The plaintiff is a natural person and resides in Prince George's County, Maryland and is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

3. Defendant VHB originates loans facilitate loans of residential property in Northern Virginia and D.C. Metro Area, including the state of Maryland. VHB is a "user" of

1

"credit scores" as those terms are defined at 15 U.S.C. §1681g and a "lender" or "credit grantor as those terms are defined at §14-1701(d).

## General Allegations Relating to Ms. Alston

4.  In the winter of 2012 and the fall of 2013, Ms. Alston applied to VHB for residential home loan.

5.  VHB used a consumer credit score in connection with Alston's applications for the loans.

6.  VHB failed to timely provide Ms. Alston with the notice required by the FCRA, 15 U.S.C. §1681g(g) as soon as reasonably possible.

7.  VHB failed to timely provide Ms. Alston with the credit score required by the FCRA, 15 U.S.C. §1681g(g) as soon as reasonably possible.

8.  VHB's failure to provide the required credit score disclosures as soon as reasonably practicable caused harm to Ms. Alston.

9.  Ms. Alston's loan applications were denied by VHB.

10. VHB did not furnish Ms. Alston with a written statement after taking adverse action or denying Ms. Alston's loan applications.

11. VHB's failure to provide the notice of adverse action caused harm to Ms. Alston.

## Policies and Practices of Virginia Heritage Bank

12. VHB regularly makes or arranges residential mortgage loans secured by residential real property.

13. VHB regularly uses consumer credit scores in connection with applications from consumers for closed-end and open-end loans secured by residential property.

14. VHB regularly fails to provide as soon as reasonably practicable the consumer credit scores to its consumer applicants whose consumer scores were used in connection with applications for closed-end and open-end loans secured by residential real property.

15. VHB regularly fails to provide as soon as reasonably practicable the disclosures required by 15 U.S.C. §1681g(g) to its consumer applicants whose consumer credit scores were used in connection with applications for closed-end and open-end loans secured by residential real property.

16. VHB regularly fails to provide a written statement required by Md. Code Ann., Com Law §14-1702(b) to its consumer applicants whose loan applications are denied or who are recipients of adverse action taken by VHB.

17. At all times relevant to the matters alleged in this Complaint, VHB's policy and practice regarding credit scores and credit score disclosures was similar for all its consumer applicants for loans secured by 1 to 4 units of residential property.

18. At all times relevant to the matters alleged in this Complaint, VHB's policy and practice regarding loan application denials and adverse actions was similar for all its consumer applicants for loans secured by 1 to 4 units of residential property.

## Class Allegations

19. Ms. Alston brings this action individually and on behalf of all persons similarly situated pursuant to Md. Rule 2-231.

20. Ms. Alston seeks to represents the following defined classes:

**Section 1681g(g) Class.**

All persons (a) who applied for a consumer loan at Virginia Heritage Bank under either closed-end or open-end credit which was to be secured by 1 to 4 units of residential property, (b) beginning two years prior to the filing of this action, and (c) who were the subject of a

credit score used by Virginia Heritage Bank in connection with the application.

**Section 14-1702 Class**

All persons (a) who applied for a consumer loan at Virginia Heritage Bank under either closed-end or open-end credit which was to be secured by 1 to 4 units of residential property, (b) beginning two years prior to the filing of this action, and (c) whose loan application was denied or who was the target of an adverse action by Virginia Heritage Bank.

21. The class is so numerous that it is impracticable to join all members of the class to this action. The names and addresses of class members are identifiable through documents maintained by the Defendant, and the class members may be notified of the pendency of this action by published and/or mailed notice. ~~The Defendant handles thousands of~~

22. There are common questions of law and fact relating to the proposed class, which include the following:

a) Whether VHB adhered to a policy of withholding credit scores from its customers;

b) Whether VHB regularly uses credit scores in connection with applications for consumer loans secured by residential real property;

c) Whether VHB was required to provide credit scores to its consumers who applied for consumer loans to be secured by residential real property;

d) What is the time period in which credit scores must be disclosed to consumers when such scores are used;

e) Whether VHB denied applicants of consumer loans secured by residential real property;

f) Whether VHB provided a written statement to consumers whose loan application were denied or had adverse action taken by VHB against them; and

4

g)   Whether VHB violated 15 U.S.C. §1681g(g) and if so whether the violation was willful.

23.   Ms. Alston's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same causes of action.

24.   The interests of members of the Class will be fairly and adequately protected by Plaintiff. Ms. Alston is an adequate representative of the class because her interests coincide with interests of the members of the class she seeks to represent; she will retain counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Neither Plaintiff nor its counsel has no interests which might cause them not to vigorously pursue this claim.

25.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant VHB's conduct. It would be virtually impossible for the members of the Class to individually effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation; it would be an unnecessary burden on the Courts.

## COUNT ONE: VIOLATIONS OF FCRA

26.   Ms. Alston incorporates the preceding allegations by reference.

27.   VHB failed to provide Ms. Alston and the 1681g(g) class members the notifications, information and disclosures required by the FCRA, 15 U.S.C. §1681g(g), as soon as reasonably practicable.

28.   VHB willfully violated the FCRA, 15 U.S.C. §1681g(g) and §1681n; or VHB negligently violated the FCRA, 15 U.S.C. §1681g(g) and §1681o.

29. Ms. Alston and the class members have suffered damages as a result of this violation of the FCRA by VHB.

## COUNT TWO: VIOLATIONS OF §14-1702

30. Ms. Alston incorporates the preceding allegations by reference.

31. VHB failed to provide Ms. Alston and the 14-1702 class members the written statement required by Md. Code Ann., Com Law §14-1702.

32. VHB negligently and willfully violated §14-1702.

33. Ms. Alston and the class members have suffered damages as a result of this violation of §14-1702 by VHB.

## JURY DEMAND

34. Ms. Alston demands a trial by jury on behalf of herself and the members of the classes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Statutory and punitive damages;
(c) Approval of a $15,000 to $25,000 incentive award for Plaintiff;
(d) Award costs and reasonable attorney's fees and costs;
(e) Any such other relief the Court deems just, equitable and proper.

Date: February 2, 2014

CANDACE E. ALSTON

By _____
Candace E. Alston
10012 Cedarhollow Lane
Largo, Maryland 20774
(301) 350-5780
*Pro Se Plaintiff*